UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANE DOE as Next Friend of
MINOR DOE, a Minor,

     Plaintiff,                              Case No. 22-
                                               Hon.

v.

JANE ROE, JAMES BAILEY, and
D. BRUCE MARTIN, in their Official
and Individual capacities, and SAGINAW
TOWNSHIP COMMUNITY SCHOOLS,

     Defendants.
_____/

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

### PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, JANE DOE as Next Friend of MINOR DOE, a

Minor, by and through her attorneys, THE MASTROMARCO FIRM, and hereby

complains against Defendants, JANE ROE, JAMES BAILEY, and D. BRUCE

MARTIN, in their Official and Individual capacities, and SAGINAW TOWNSHIP

COMMUNITY SCHOOLS, stating as follows:

## **COMMON ALLEGATIONS**

1.      That Plaintiff Jane Doe is a resident of the County of Saginaw, State of Michigan and is otherwise domiciled in the State of Michigan.

2.      That Minor Doe is the daughter of Jane Doe, is a resident of the County of Saginaw, State of Michigan, and is otherwise domiciled in the State of Michigan.

3.      That Defendant Jane Roe is a resident of the State of Michigan and is otherwise domiciled in the State of Michigan.

4.      That Defendant James Bailey is a resident of the County of Saginaw, State of Michigan and is otherwise domiciled in the State of Michigan.

5.      That Defendant D. Bruce Martin is a resident of the State of Michigan and is otherwise domiciled in the State of Michigan.

6.      That Defendant Saginaw Township Community Schools (hereinafter referred to as "STCS") is a school district operating within the County of Saginaw, State of Michigan and is otherwise domiciled in the State of Michigan.

7.      That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

8.      That this Honorable Court has jurisdiction over Plaintiff's federal law

claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9.    That venue is proper with this Honorable Court pursuant to 28 U.S.C. § 1391.

10.    That Minor Doe is an eight-year-old female and a second-grade student.

11.    That Minor Doe attends Hemmeter Elementary School.

12.    That Defendant STCS operates Hemmeter Elementary School.

13.    That Defendant STCS describes Hemmeter Elementary School as "a gifted and talented magnet school with accelerated, in-depth curriculum advancement for children in Kindergarten through Fifth grade."

14.    That "in order to attend Hemmeter, potential students need to meet a rigorous level of demonstrated ability."

15.    That at all times material hereto, Defendant STCS employed Defendant Roe as a custodian at Hemmeter Elementary School.

16.    That at all times material hereto, Defendant STCS employed Defendant Bailey as the Principal of Hemmeter Elementary School.

17.    That at all times material hereto, Defendant STCS employed Defendant Martin as the superintendent.

18.    That on or about May 13, 2022, Minor Doe walked through the

hallway of Hemmeter Elementary School on her way to the lavatory.

19.     That said date was Minor Doe's birthday.

20.     That at said time, Defendant Roe confronted Minor Doe and asked how old Minor Doe was going to be.

21.     That Minor Doe responded that she was turning eight.

22.     That Defendant Roe then asked Minor Doe if she wanted her "birthday spankings" now or at lunch.

23.     That Minor Doe responded that she would not be at lunch.

24.     That Defendant Roe informed Minor Doe that she would have to get her "birthday spankings" now.

25.     That Defendant Roe proceeded into the restroom with Minor Doe to administer the "birthday spankings."

26.     That the cameras located inside Hemmeter Elementary School do not record events that occur within the restrooms.

27.     That Defendant Roe went into the restroom and gave the "birthday spankings" there to avoid recording of her actions and discovery of her sexual assault of Minor Doe.

28.     That once inside the restroom and outside the view of any camera, Defendant Roe proceeded to touch Minor Doe's buttocks eight times under the guise of giving "birthday spankings."

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

29.     That Defendant Roe further pinched Minor Doe's buttocks.

30.     That said intentional touching constitutes a sexual assault, sexual abuse, and criminal sexual conduct in violation of Michigan law.

31.     That the Michigan Penal Code defines second degree criminal sexual conduct as sexual contact with another person where the actor is an employee of a public school and uses said employment to gain access to or establish a relationship with that other person.  M.C.L. § 750.520c(1)(*v*).

32.     That Minor Doe felt extremely uncomfortable and embarrassed by what had transpired.

33.     That later in the evening, Minor Doe reported the incident Jane Doe and her husband, John Doe.

34.     That the following morning, on May 14, 2022, John Doe reported the incident to Defendant James Bailey, Principal, and Jill Rummler, Second Grade Teacher.

35.     That despite being mandated reporters under Michigan law, Defendants failed to report the child abuse to Michigan's Children's Protective Service.  See M.C.L. § 722.623.

36.     That Defendants further failed to report the child abuse to a law enforcement agency.

37.     That Defendants failed to conduct an investigation under Title IX of

the Educational Amendments of 1972.

38.     That Defendant Roe was placed on administrative leave.

39.     That during her administrative leave, Defendant Bailey and Ms. Rummler interviewed Defendant Roe.

40.     That during said interview, Defendant Roe admitted to intentionally touching and pinching Minor Doe's buttocks.

41.     That Defendant Roe further admitted to regularly touching and pinching minors' buttocks at her prior employment at R.B. Havens Elementary School, part of Swan Valley School District.

42.     That on or about May 18, 2022, Plaintiff spoke with Defendant Bailey.

43.     That during said conversation, Defendant Bailey informed Plaintiff that Defendant Roe admitted to touching Minor Doe and that Defendant Roe had touched other minors in the past during her prior employment.

44.     That also during said conversation, Defendant Bailey appeared to make excuses for Defendant Roe, suggesting that Minor Doe smiled at the idea of receiving "birthday spankings."

45.     That Plaintiff immediately responded at how inappropriate it was to place such a young child in a situation, assuming that a child would have the confidence and ability to tell an adult "No," and how inappropriate it is to place the

responsibility on the child.

46.     That Defendant Bailey agreed that it was not appropriate.

47.     That Plaintiff further reported that such touching engaged in by Defendant Roe is a grooming technique to get minors comfortable with inappropriate touching.

48.     That Defendant Bailey informed Plaintiff that Defendant Roe would be returned to work at Hemmeter Elementary School the following day, May 19, 2022, and asked Plaintiff how she felt about Defendant Roe's return.

49.     That Plaintiff reported that she did not feel comfortable with Defendant Roe in the same building as her daughter.

50.     That completely failing to recognize the magnitude of the situation, Defendant Bailey responded that Plaintiff's feelings were unfortunate, because Defendant Roe was a really good custodian.

51.     That Defendant STCS was more concerned about keeping its hallways clean and garbage bins empty than ensuring its students were protected.

52.     That Plaintiff subsequently spoke with Superintendent Defendant D. Bruce Martin.

53.     That during said conversation, Plaintiff questioned Defendant Martin whether the School District had performed a background check on Defendant Roe, whether the School District's practice was to check applicant's references prior to

beginning employment, and whether the School District had in fact checked Defendant Roe's references.

54.     That Defendant Martin responded without knowing the specifics related to Defendant Roe and stated he was curious of her direction in which she was questioning him.

55.     That Plaintiff explained that she was concerned, because Defendant Bailey informed her that Defendant Roe had not only admitted to touching Minor Doe's buttocks but that she also had regularly done so at her prior employment.

56.     That in response to receiving information from Defendant Bailey that Defendant Roe would return to Minor Doe's building the following day, Plaintiff questioned Defendant Martin who thought it would be appropriate to re-traumatize her daughter by putting her in the same building as the abuser, Defendant Roe.

57.     That Defendant Martin indicated that he needed to back up and further would work with an attorney, because he felt the phone conversation felt more like a "deposition."

58.     That Plaintiff clarified that Minor Doe did not feel comfortable being in the same building as Defendant Roe and questioned whether the School District would ensure that Minor Doe could attend school the following day in a safe environment.

59.     That Defendant Martin indicated that the plan was to permit

Defendant Roe to report to work the following day at Hemmeter Elementary.

60.     That Plaintiff repeatedly asked if it would be safe for her daughter to attend school and whether her education would be disrupted.

61.     That Defendant Martin would not provide Plaintiff with an answer and indicated that he needed to "circle the wagons."

62.     That Defendant School District refused to take action that would ensure Minor Doe's protection and that she received a safe learning environment until after Plaintiff indicated that she would be contacting an attorney.

63.     That Defendants' actions constitute violations the right to bodily integrity found within the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

64.     That Defendants' actions constitute violations of the right to be free from sexual harassment and assault found in the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

65.     That Defendants' actions constitute sex discrimination in violation of Title IX of the Education Amendments of 1972.

66.     That Defendants' actions constitute sex discrimination in violation of Article III of the Michigan Elliott-Larsen Civil Rights Act.

67.     That Defendants' actions constitute sex discrimination in violation of Article IV of the Michigan Elliott-Larsen Civil Rights Act.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

68.     That Defendants' actions constitute sex discrimination in violation of the Michigan Equal Accommodations Act.

69.     That as a direct and proximate result of Defendants' unlawful actions, Plaintiff's Minor has sustained and will continue to sustain economic damages, including compensatory and consequential damages, and non-economic damages, including emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, and disruption of lifestyle.

70.     That Plaintiff hereby claims the costs of this action, reasonable attorney fees, and expert fees pursuant to 42 U.S.C. § 1988.

71.     That Plaintiff hereby claims punitive damages.

72.     That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to M.C.L. § 37.2801 and M.C.L. § 37.2802.

73.     That Plaintiff hereby claims treble damages pursuant to M.C.L. § 750.147.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

## COUNT I – VIOLATIONS OF THE DUE PROCESS CLAUSE
## OF THE FOURTEENTH AMENDMENT & 42 U.S.C. § 1983

74.     That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 73 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

75.     That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

76.     That the Due Process Clause of the Fourteenth Amendment affords citizens the right to personal security and bodily integrity.

77.     That individuals possess a constitutional right to be free from forcible intrusion on their bodies against their will, absent a compelling state interest. *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 506 (6th Cir. 2012).

78.     That "a schoolchild's right to personal security and to bodily integrity manifestly embraces the right to be free from sexual abuse at the hands of a public school employee." *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 506 (6th Cir. 1996).

79.     That Defendant Roe violated Minor Doe's right to bodily integrity and to be free from sexual abuse by repeatedly touching her buttocks.

80.     That Defendants' actions shock the conscience.

81.     That Defendants acted with deliberate indifference to Minor Doe's federally protected rights.

82.     That Defendants knew that repeatedly touching a minor's buttocks created a substantial risk of serious harm.

83.     That Defendants did in fact infer that repeatedly touching a minor's buttocks would create a substantial risk of harm.

84.     That Defendants nonetheless acted with indifference and in callous disregard of Minor Doe's rights.

85.     That Defendants had sufficient time to appreciate the risk caused by repeatedly touching Minor Doe's buttocks.

86.     That Defendants' actions serve no legitimate pedagogical justification.

87.     That Defendants' actions were not aimed to meet any legitimate objective.

88.     That Defendants' actions were not used to maintain or restore discipline.

89.     That Defendants' actions were sadistically done for her own gratification.

90.     That Defendants' response to Defendant Roe's actions was clearly unreasonable.

91.     That Defendants' deliberate indifference caused Minor Doe to suffer

harm.

92.    That following Defendants' initial response, Minor Doe experienced an objectively reasonable fear of further harassment.

93.    That at all times material hereto, Defendants acted pursuant to a policy or custom.

94.    That Defendant STCS had a policy of inadequate training and/or supervision.

95.    That Defendant STCS had a custom of tolerance or acquiescence of federal rights violations.

96.    That Defendant STCS is not entitled to immunity as a municipal entity. *See Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005).

97.    That the individually-named Defendants are not entitled to qualified immunity.

98.    That Minor Doe's right to be free from sexual abuse committed by a school employee was clearly established.

99.    That Defendants' actions constitute violations the right to bodily integrity found within the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

100.    That as a direct and proximate result of Defendants' unlawful actions, Plaintiff's Minor has sustained and will continue to sustain economic damages,

including compensatory and consequential damages, and non-economic damages, including emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, and disruption of lifestyle.

101. That Plaintiff hereby claims the costs of this action, reasonable attorney fees, and expert fees pursuant to 42 U.S.C. § 1988.

102. That Plaintiff hereby claims punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – VIOLATIONS OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT & 42 U.S.C. § 1983

103. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 73 of her Common Allegations and paragraphs 74 through 102 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

104. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

105. That the Equal Protection Clause of the Fourteenth Amendment affords students the right to be free from intentional discrimination and sexual

harassment.

106.   That Minor Doe was sexually harassed and assaulted by Defendant Roe.

107.   That Minor Doe was a member of a protected class by virtue of her sex and/or gender.

108.   That Minor Doe was subjected to sexual harassment and assault, including the repeated touching of her buttocks.

109.   That Minor Doe was subjected to unwelcomed sexual harassment and assault.

110.   That said sexual harassment and assault was based on sex.

111.   That the sexual harassment and assault had the effect of unreasonably interfering with her school performance and created an intimidating, hostile, or offensive educational environment that affected seriously her psychological well-being.

112.   That Defendants' actions serve no legitimate pedagogical justification.

113.   That Defendants' actions were not aimed to meet any legitimate objective.

114.   That Defendants' actions were not used to maintain or restore discipline.

115.   That Defendants' actions were sadistically done for her own

gratification.

116.   That Defendants' response to Defendant Roe's actions was clearly unreasonable.

117.   That Defendants' deliberate indifference caused Minor Doe to suffer harm.

118.   That following Defendants' initial response, Minor Doe experienced an objectively reasonable fear of further harassment.

119.   That at all times material hereto, Defendants acted pursuant to a policy or custom.

120.   That Defendant STCS had a policy of inadequate training and/or supervision.

121.   That Defendant STCS had a custom of tolerance or acquiescence of federal rights violations.

122.   That Defendant STCS is not entitled to immunity as a municipal entity. *See Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005).

123.   That the individually-named Defendants are not entitled to qualified immunity.

124.   That Minor Doe's right to be free from sexual harassment and assault was clearly established.

125.   That Defendants' actions constitute violations of the right to be free

from sexual harassment and assault found in the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983.

126.    That as a direct and proximate result of Defendants' unlawful actions, Plaintiff's Minor has sustained and will continue to sustain economic damages, including compensatory and consequential damages, and non-economic damages, including emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, and disruption of lifestyle.

127.    That Plaintiff hereby claims the costs of this action, reasonable attorney fees, and expert fees pursuant to 42 U.S.C. § 1988.

128.    That Plaintiff hereby claims punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT III – SEX DISCRIMINATION IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

129.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 73 of her Common Allegations, paragraphs 74 through 102 of Count I, and paragraphs 103 through 125 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

130.    That Title IX of the Education Amendments of 1972 provides, in

pertinent part:

> No person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681(a).

131.   That Title IX prohibits employee-on-student harassment.

132.   That Minor Doe was sexually harassed and assaulted by Defendant Roe.

133.   That Minor Doe was a member of a protected class by virtue of her sex and/or gender.

134.   That Minor Doe was subjected to sexual harassment and assault, including the repeated touching of her buttocks.

135.   That Minor Doe was subjected to unwelcomed sexual harassment and assault.

136.   That said sexual harassment and assault was based on sex.

137.   That the sexual harassment and assault had the effect of unreasonably interfering with her school performance and created an intimidating, hostile, or offensive educational environment that affected seriously her psychological well-being.

138.   That Defendants' actions serve no legitimate pedagogical justification.

139.   That Defendants' actions were not aimed to meet any legitimate

objective.

140.   That Defendants' actions were not used to maintain or restore discipline.

141.   That Defendants' actions were sadistically done for her own gratification.

142.   That Defendants' response to Defendant Roe's actions was clearly unreasonable.

143.   That Defendants' deliberate indifference caused Minor Doe to suffer harm.

144.   That following Defendants' initial response, Minor Doe experienced an objectively reasonable fear of further harassment.

145.   That Defendants' actions constitute sex discrimination in violation of Title IX of the Education Amendments of 1972.

146.   That as a direct and proximate result of Defendants' unlawful actions, Plaintiff's Minor has sustained and will continue to sustain economic damages, including compensatory and consequential damages, and non-economic damages, including emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, and disruption of lifestyle.

147.   That Plaintiff hereby claims the costs of this action, reasonable attorney fees, and expert fees pursuant to 42 U.S.C. § 1988.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

148. That Plaintiff hereby claims punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT IV – SEX DISCRIMINATION IN VIOLATION ARTICLE III OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

149. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 73 of her Common Allegations, paragraphs 74 through 102 of Count I, paragraphs 103 through 128 of Count II, and paragraphs 129 through 148 of Count III, word for word and paragraph for paragraph, as if fully restated herein.

150. That Article III of the Michigan Elliott-Larsen Civil Rights Act makes it unlawful for a person to:

> Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place or public accommodation or public service because of . . . sex. . . .

M.C.L. § 37.2302(a).

151. That at all times material hereto, Defendant STCS was and is a "place of public accommodation" and a "public service" as defined by the Act. M.C.L. § 37.2301(a)-(b).

152.   The Act further provides that discrimination because of sex includes sexual harassment.  M.C.L. § 37.2103(i).

153.   That the Act defines sexual harassment as including unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature where (1) submission to or rejection of the conduct or communication is used as a factor in decisions affecting the individual's public accommodations or public services; or (2) the conduct or communication has the purpose or effect of substantially interfering with an individual's public accommodations or public services or creating an intimidating, hostile, or offensive public accommodations or public services environment.   M.C.L. § 37.2103(i)(*ii*)-(*iii*).

154.   That Minor Doe was sexually harassed and assaulted by Defendant Roe.

155.   That Minor Doe was a member of a protected class by virtue of her sex and/or gender.

156.   That Minor Doe was subjected to sexual harassment and assault, including the repeated touching of her buttocks.

157.   That Minor Doe was subjected to unwelcomed sexual harassment and assault.

158.   That said sexual harassment and assault was based on sex.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

159.   That Defendants made submission to the sexual conduct a condition of Minor Doe's further receipt of public accommodations or public services by making it appear to Minor Doe that she had to submit to the sexual conduct before returning to her educational activities.

160.   That Defendant Roe's sexual conduct had the effect of substantially interfering with Minor Doe's public accommodations or public services or creating an intimidating, hostile, or offensive public accommodations or public services environment.

161.   That Defendants' response to Defendant Roe's actions was clearly unreasonable.

162.   That Defendants' deliberate indifference caused Minor Doe to suffer harm.

163.   That following Defendants' initial response, Minor Doe experienced an objectively reasonable fear of further harassment.

164.   That Defendants' actions constitute sex discrimination in violation of Article III of the Michigan Elliott-Larsen Civil Rights Act.

165.   That as a direct and proximate result of Defendants' unlawful actions, Plaintiff's Minor has sustained and will continue to sustain economic damages, including compensatory and consequential damages, and non-economic damages, including emotional distress, mental anguish, shock, fright, humiliation,

embarrassment, nervousness, anxiety, depression, and disruption of lifestyle.

166. That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to M.C.L. § 37.2801 and M.C.L. § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT V – SEX DISCRIMINATION IN VIOLATION OF ARTICLE IV OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

167. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 73 of her Common Allegations, paragraphs 74 through 102 of Count I, paragraphs 103 through 128 of Count II, paragraphs 129 through 148 of Count III, and paragraphs 149 through 166 of Count IV, word for word and paragraph for paragraph, as if fully restated herein.

168. That Article IV of the Michigan Elliott-Larsen Civil Rights Act makes it unlawful for an educational institution to discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution or otherwise discriminate against an individual in the terms, conditions, or privileges of the institution because of sex. M.C.L. § 37.2402(a)-(b).

169.   That at all times material hereto, Defendant STCS was an "educational institution" as defined by the Act.  M.C.L. § 37.2401.

170.   That at all times material hereto, the individually-named Defendants were was "educational institution[s]" as defined by the Act as agents of Defendant STCS.  M.C.L. § 37.2401.

171.   The Act further provides that discrimination because of sex includes sexual harassment.  M.C.L. § 37.2103(i).

172.   That the Act defines sexual harassment as including unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature where (1) submission to or rejection of the conduct or communication is used as a factor in decisions affecting the individual's public accommodations or public services; or (2) the conduct or communication has the purpose or effect of substantially interfering with an individual's public accommodations or public services or creating an intimidating, hostile, or offensive public accommodations or public services environment.   M.C.L. § 37.2103(i)(*ii*)-(*iii*).

173.   That Minor Doe was sexually harassed and assaulted by Defendant Roe.

174.   That Minor Doe was a member of a protected class by virtue of her sex and/or gender.

175.   That Minor Doe was subjected to sexual harassment and assault, including the repeated touching of her buttocks.

176.   That Minor Doe was subjected to unwelcomed sexual harassment and assault.

177.   That said sexual harassment and assault was based on sex.

178.   That Defendants made submission to the sexual conduct a condition of Minor Doe's further receipt of public accommodations or public services by making it appear to Minor Doe that she had to submit to the sexual conduct before returning to her educational activities.

179.   That Defendant Roe's sexual conduct had the effect of substantially interfering with Minor Doe's public accommodations or public services or creating an intimidating, hostile, or offensive public accommodations or public services environment.

180.   That Defendants' response to Defendant Roe's actions was clearly unreasonable.

181.   That Defendants' deliberate indifference caused Minor Doe to suffer harm.

182.   That following Defendants' initial response, Minor Doe experienced an objectively reasonable fear of further harassment.

183.   That Defendants' actions constitute sex discrimination in violation of

Article IV of the Michigan Elliott-Larsen Civil Rights Act.

184.    That as a direct and proximate result of Defendants' unlawful actions, Plaintiff's Minor has sustained and will continue to sustain economic damages, including compensatory and consequential damages, and non-economic damages, including emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, and disruption of lifestyle.

185.    That Plaintiff hereby claims the costs of litigation, including reasonable attorney fees and witness fees, pursuant to M.C.L. § 37.2801 and M.C.L. § 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT VI – SEX DISCRIMINATION IN VIOLATION OF THE MICHIGAN EQUAL ACCOMMODATIONS ACT

186.    That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 73 of her Common Allegations, paragraphs 74 through 102 of Count I, paragraphs 103 through 128 of Count II, paragraphs 129 through 148 of Count III, paragraphs 149 through 166 of Count IV, and paragraphs 167 through 185 of Count V, word for word and paragraph for paragraph, as if fully restated herein.

187.   That the Michigan Equal Accommodations Act provides:

Any person being an owner, lessee, proprietor, manager, superintendent, agent or employee of any such place who shall directly or indirectly refuse, withhold from or deny to any person any of the accommodations, advantages, facilities and privileges thereof . . . on account of . . . sex . . . shall be liable to the injured party, in treble damages sustained, to be recovered in a civil action. . . .

M.C.L. § 750.147.

188.   That at all times material hereto, Defendant STCS was a place of public accommodation.

189.   That at all times material hereto, the individually-named Defendants were agents or employee of Defendant STCS.

190.   That Minor Doe was sexually harassed and assaulted by Defendant Roe.

191.   That Minor Doe was a member of a protected class by virtue of her sex and/or gender.

192.   That Minor Doe was subjected to sexual harassment and assault, including the repeated touching of her buttocks.

193.   That Minor Doe was subjected to unwelcomed sexual harassment and assault.

194.   That said sexual harassment and assault was based on sex.

195.   That Defendants made submission to the sexual conduct a condition of Minor Doe's further receipt of public accommodations by making it appear to

Minor Doe that she had to submit to the sexual conduct before returning to her educational activities.

196.   That Defendant Roe's sexual conduct had the effect of substantially interfering with Minor Doe's public accommodations or creating an intimidating, hostile, or offensive public accommodations environment.

197.   That Defendants' response to Defendant Roe's actions was clearly unreasonable.

198.   That Defendants' deliberate indifference caused Minor Doe to suffer harm.

199.   That following Defendants' initial response, Minor Doe experienced an objectively reasonable fear of further harassment.

200.   That Defendants' actions constitute sex discrimination in violation of the Michigan Equal Accommodations Act.

201.   That as a direct and proximate result of Defendants' unlawful actions, Plaintiff's Minor has sustained and will continue to sustain economic damages, including compensatory and consequential damages, and non-economic damages, including emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, and disruption of lifestyle.

202.   That Plaintiff hereby claims treble damages pursuant to M.C.L. § 750.147.

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

<div style="margin-left: 40%;">

Respectfully submitted,
THE MASTROMARCO FIRM

</div>

Dated: <u>August 5, 2022</u>        By:    */s/ Victor J. Mastromarco, Jr.*
<div style="margin-left: 40%;">

VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

</div>

## <u>DEMAND FOR TRIAL BY JURY</u>

NOW COMES Plaintiff, JANE DOE as Next Friend of MINOR DOE, a Minor, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: <u>August 5, 2022</u>     By:     <u>/s/ Victor J. Mastromarco, Jr.</u>
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com