UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANE DOE,
as Next Friend of Minor Doe, a minor,

        Plaintiff,

v.

JANE ROE, JAMES BAILEY, and
D. BRUCE MARTIN,
in their official and individual capacities,
and SAGINAW TOWNSHIP
COMMUNITY SCHOOLS,

        Defendants.
_____/

Case No. 1:22-cv-11818

Honorable Thomas L. Ludington
United States District Judge

## ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER TO PROCEED PSEUDONYMOUSLY

On August 5, 2022, Plaintiff Jane Doe filed a complaint against Defendants Jane Roe, James Bailey, D. Bruce Martin, and Saginaw Township Community Schools, alleging violations of the Fourteenth Amendment under 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, 20 USC § 1681, *et seq.*, and Michigan's Elliot-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq.*, and Michigan's Equal Accommodations Act, MICH. COMP. LAWS § 750.147. ECF No. 1.

Plaintiff alleges that a custodian at her child's school, Jane Roe, brought her child into the bathroom and then sexually assaulted her by repeatedly spanking then pinching her buttocks. *Id.* at PageID.4–5. Plaintiff adds that, though Roe admitted to assaulting Plaintiff's child, Defendants neither reported nor investigated the incident. *Id.* at PageID.5–6.

Plaintiff has filed a motion for a protective order for her child to proceed under a pseudonym. ECF No. 5. For the reasons stated below, Plaintiff's Motion will be granted.

Although Federal Rule of Civil Procedure 10(a) provides that complaints must state all parties' names, this Court may allow plaintiffs to proceed under a pseudonym in some circumstances. *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). Those circumstances include:

> (1) if the plaintiffs seeking anonymity are suing to challenge governmental activity;
> (2) if prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy";
> (3) if the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
> (4) if the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

This case involves three of the four possible circumstances. First, Plaintiff challenges governmental activity. *See Nolan v. Memphis City Sch.*, 589 F.3d 257, 271 (6th Cir. 2009) (holding that public schools are governmental entities). Second, prosecuting the case will require Plaintiff to disclose extremely intimate information regarding physical sexual abuse that her child suffered as a minor. Third, Plaintiff is a child. Courts in this Circuit have generally permitted litigants to proceed under a pseudonym in cases involving allegations of sexual misconduct—especially when the victim is a child. *See, e.g.*, *Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018) (involving Title IX and § 1983 claims against university and allegations of sexual misconduct among students). For these reasons, Plaintiff's Motion will be granted.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Protective Order to Proceed Pseudonymously, ECF No. 5, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff shall **PROCEED** pseudonymously but must disclose her child's identity to this Court, Defendants, or others if this Court directs so by order.

Dated: August 18, 2022      s/Thomas L. Ludington
                THOMAS L. LUDINGTON
                United States District Judge