UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANE DOE as Next Friend of
MINOR DOE, a Minor,

    Plaintiff,

v.

DEBRA LEINER, JAMES BAILEY, and
D. BRUCE MARTIN, in their Official
and Individual capacities, and SAGINAW
TOWNSHIP COMMUNITY SCHOOLS,

    Defendants.

Case No. 1:22-cv-11818
Hon. Thomas L. Ludington

| THE MASTROMARCO FIRM | O'NEILL, WALLACE & DOYLE, P.C. |
|---|---|
| VICTOR J. MASTROMARCO, JR. (P34564) | GREGORY W. MAIR (P67465) |
| KEVIN J. KELLY (P74546) | KAILEN C. PIPER (P82865) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 1024 N. Michigan Avenue | 300 St. Andrews Road, Suite 302 |
| Saginaw, Michigan 48602 | Saginaw, Michigan 48638 |
| (989) 752-1414 | (989) 790-0960 |
| vmastromarco@mastromarcofirm.com | gmair@owdpc.com |
| kkelly@mastromarcofirm.com | kpiper@owdpc.com |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

    NOW COMES, Plaintiff, JANE DOE as Next Friend of MINOR DOE, by and through their attorneys, THE MASTROMARCO FIRM, and hereby submits their Response to Defendant's Motion to Compel, stating as follows:

**STATEMENT OF FACTS**

    Plaintiff filed her complaint on August 5, 2022, alleging six counts against defendants for (1) Violation of the Due Process Clause of the Fourteenth Amendment & 42. U.S. Plaintiff filed

1

her complaint on August 5, 2022, alleging six counts against defendants for (1) Violation of the Due Process Clause of the Fourteenth Amendment & 42. U.S.C. § 1983, (2) Violation of the Equal Protection Clause of the Fourteenth Amendment & 42 U.S.C. §1983, (3) Sex Discrimination in Violation of Title IX of the Education Amendments of 1972, (4) Sex Discrimination in Violation Article III of the Michigan Elliot-Larsen Civil Rights Act, (5) Sex Discrimination in Violation of Article IV of the Michigan Elliot-Larsen Civil Rights Act, (6) Sex Discrimination in Violation of the Michigan Equal Accommodations Act. (See **ECF #1**). On November 6, 2022, Defendant served Plaintiff Request for Production of Documents and Interrogatories. The interrogatories contained 6 specific questions that clearly asked for work product opinion by asking "Describe full and in detail all facts which you believe or rely upon to support the allegation that forms the basis" of each claim. (See **Exhibit 1- No. 7-12**). Plaintiff objected to those specific questions and stated:

> Plaintiff objects to this on the basis that the question is seeking opinion work product. Plaintiff has not waived the right to work product and this question calls for mental impressions, opinions, conclusions, judgments, or legal theories." See In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig., 293 F.3d 289, 294 (6th Cir. 2002).

(**Exhibit 1- No. 7-12**). Defendant has now brought a motion to compel Plaintiff to answer these questions, despite Defendant being fully aware that each question objected to sought out privileged information.

## LAW AND ARGUMENT

Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. The work product doctrine "is

distinct from and broader than the attorney-client privilege." *In re Antitrust Grand Jury,* 805 F.2d at 163 (quoting *United States v. Nobles,* 422 U.S. 225, 238 n. 11, 95 S.Ct. 2160, 2170 n. 11, 45 L.Ed.2d 141 (1975)). The doctrine is designed to allow an attorney to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference ... to promote justice and to protect [his] clients' interests." *In re Columbia/HCA Healthcare Corp. Billing Pracs. Litig.,* 293 F.3d 289, 294 (6th Cir. 2002).

Defendants have improperly stated that work product privilege only "applies to documents, records, reports, exhibits, and the like… created in 'anticipation of litigation.'". Defendants cite *In re Perrigo Co.* to justify their limited scope of work product privilege. However, *In re Perrigo Co* relied on and agreed with an opinion cited in *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz.,* 881 F.2d 1486, 1492 (9th Cir.1989), which stated, in part:

> Although the rule affords special protections for work-product that reveals an attorney's mental impressions and opinions, other work-product materials nonetheless may be ordered produced upon an adverse party's demonstration of substantial need or inability to obtain the equivalent without undue hardship.

It should be noted that the Court in *In re Perrigo Co.* adopted this analysis as a correct statement of law. The court in *Perrigo* further stated, "The work product rule <u>would</u> apply to documents, records, reports, exhibits, and the like which may be contained in the Report, because those documents were created 'in anticipation of litigation.'" *In re Perrigo Co.*, 128 F.3d 430, 437 (6th Cir. 1997). As such, the Court in *In re Perrigo Co* did not limit the scope of work product, however it determined that a report was considered work product and analyzed the dichotomy of the movant's substantial need for the work product and the expectation of privileged work product.

During the course of discovery, the Defendant's served interrogatories on the Plaintiff which contained six (6) questions that asked, to wit:

> Describe fully and in detail all facts which you believe or rely upon to support the allegations that forms the basis of your…[1] claim against Defendant's and describe all incidents that you believe will support this claim.

(See **Exhibit 1- No. 7-12**). These interrogatories are trying to obtain the opinions, mental impressions, conclusions and legal theories of the attorney *through* the Plaintiff. As such, it is axiomatic that the communications to Plaintiff on the merits of her case[2] and the strategy discussed will be disclosed by answering these interrogatories.

Further, Defendant has not shown any substantial need or inability to obtain this information without material hardship for the privileged information, as required by *In re Perrigo Co* and *Admiral Ins*. Plaintiff has supplied a detailed complaint listing out facts which support each one of her claims. (See ECF #1). Defendant has not conveyed to Plaintiff or this Honorable Court that there is lack of information in the complaint to sustain a cause of action. Nor has Defendant filed a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e). Defendant has no substantial need for Plaintiff to reiterate the facts listed in her complaint for the purpose of satisfying an interrogatory answer.

**II. Contention Interrogatories**

In the alternative, Interrogatories No. 7-12 are contention interrogatories and should not be required to answer prior to the close of discovery. "Contention interrogatories may take several forms. They may ask a party to state what it contends, or whether it makes a specified contention; to state all the facts upon which it bases a contention; to state the legal or

---

[1] Each claim Plaintiff has alleged is what the ellipsis represents.
[2] obviously this also implicates concern over attorney client privilege.

theoretical basis for a contention; and to explain or defend how the law invoked applies to facts." *United States v. Blue Cross Blue Shield of Michigan*, No. CV 10-14155, 2012 WL 12930840, at *5 (E.D. Mich. May 30, 2012). A court may postpone a response to contention interrogatories until discovery is closer to completion. *Id.* "[B]ut the court may order that the interrogatory need not be answered until designated discovery is complete ..." Fed. R. Civ. P. 33(a)(2). The rule protects the responding party from being hemmed into fixing its position without adequate information *United States v. Blue Cross Blue Shield of Michigan*. As such, Plaintiff should not be compelled to answer the above-referenced interrogatories prior to the completion of more substantive discovery.

## **CONCLUSION**

For the foregoing reasons, Plaintiff asks this Honorable Court to deny Defendant's Motion to Compel Answers.

Respectfully submitted,

THE MASTROMARCO FIRM

Dated: February 16, 2023

*/s/ Rikki Mays-Reak*
RIKKI MAYS-REAK (MN 0402751)
Attorneys for Plaintiff
1024 N. Michigan Ave.
Saginaw, MI 48602
(989) 752-1414
rmaysreak@mastromarcofirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on **DATE February 16, 2023**, I presented the foregoing papers to the Clerk of the Court for the filing and uploading to the CM/ECF system, which will send notification of such filing to the following: **OPPOSING COUNSEL**.

        THE MASTROMARCO FIRM

        */s/ Rikki Mays-Reak*
        Attorney for Plaintiff